IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 24 2014
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| RONALD SAYLES, | ) Case No.: 3:14cv911 CWR-FKB |
| Plaintiff, | ) |
| vs. | ) CIVIL COMPLAINT |
| | ) JURY DEMAND |
| ADVANCED RECOVERY SYSTEMS, INC. | ) |
| Defendant. | ) |

Plaintiff, Ronald Sayles, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the Defendant, Advanced Recovery Systems Inc. (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants' violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C § 1391(b).

1

## PARTIES

4.      Plaintiff is a natural person, who at all relevant times has resided in the City of Ridgeland, Madison County, Mississippi, 39157, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.      Defendant is a corporation doing business and incorporated in the State of Mississippi, with its corporate address as 972 High Street, Jackson, Mississippi, 39202, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

6.      On February 21, 2014, Plaintiff obtained a copy of his credit report.

7.      Defendant had five tradelines on Plaintiff's credit report that listed the creditor name as Advanced Recovery Systems.

8.      Three of Defendant's tradelines were involved in a collection action brought by Defendant against Plaintiff in Hinds County Court in Mississippi and a judgment on those accounts was received.

9.      The tradelines that were the subject of the judgment were account numbers: UQTR, PDP2, and PQNX.

10.     Defendant had two additional tradelines on Plaintiff's credit report that were not involved in the debt collection action: ZYMC and 1218R.

11.     On March 5, 2014, Plaintiff sent, via facsimile, to (601) 969-2997 a letter advising that he disputed the debts and asking for validation of the debt with respect to all the accounts.

12.     On April 16, 2014, Plaintiff, having received nothing in the way of the requested information, ran his credit report.

13.     Defendant had failed to mark the two tradelines that were not reduced to judgment as disputed, despite having reported the debt to the credit bureaus in April 2014.

**COUNT I**
**TWO VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**
**15 U.S.C. § 1692(e)(8)**

14.     Plaintiff repeats the allegations contained in paragraphs 1 through 12 and incorporates them as if set forth at length herein.

15.     Defendant was the author of two tradelines, ZYMC and 1218R, on Plaintiff's credit report run February 21, 2014 that were not the subject of a state court judgment.

16.     Plaintiff advised Defendant via letter dated March 5, 2014, that the debts were being disputed.

17.     Plaintiff, having not received any of the information and or documentation requested in his letter, ran another credit report on April 16, 2014.

18.     Defendant reported its tradelines on Plaintiff's credit report in April 2014, but failed to update the tradelines as disputed despite receiving notice of the dispute on March 5, 2014.

19.     Defendant's failure to update the credit report to accurately reflect that Plaintiff's accounts were disputed when updating its tradelines is a violation 15 U.S.C. § 1692e(8) which prohibits the failure to communicate that a disputed debt is disputed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Ronald Sayles, respectfully requests that this Court enter judgment against the Defendant, and on behalf of the Plaintiff, for the following:

a. That an order be entered declaring the Defendant's actions, as described above, in violation of the FDCPA;

b. That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c. That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $2,000.00;

d. That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k (a)(3)

e. That the Court grant such other and further relief as may be just and proper.

Dated this 19th day of November, 2014

Respectfully Submitted,

John N. Rocray (MS Bar #103696)
ROCRAY LAW OFFICES, PLLC
1485 Livingston Lane
Jackson, Mississippi 39213
(601) 407-7981
jr@rocraylaw.com
*Counsel for Plaintiff*