IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ROBERT SAYLES**                                                              **PLAINTIFF**

**V.**                                                        **CAUSE NO. 3:14-CV-911-CWR-FKB**

**ADVANCED RECOVERY SYSTEMS,**                               **DEFENDANT**
**INC.**

**MEMORANDUM OPINION AND ORDER**

The parties in this matter agree that there are no factual disputes and have asked the Court to decide the case based on the legal issues presented in this matter. Legal issues are reviewed de novo. Both parties have submitted briefing on the claim. After considering the briefing and applicable law, the Court is ready to rule.

**I.**      **Factual And Procedural History**

In November 2014, plaintiff filed this suit alleging a violation of 15 U.S.C. § 1692e(8). Plaintiff's claim in this matter concerns two separate debts that appear on his credit report. Those accounts are identified as ZYMC and 1218R.[1] These debts stemmed from services plaintiff received at St. Dominic's Hospital in April 2013. Advanced Recovery Systems (ARS) asserts that it sent notices of plaintiff's debtor validation rights, pursuant to 15 U.S.C. § 1692g to plaintiff's last known address. Docket No. 19-1, ¶ 6. The notice regarding one account was sent in June 2013 and the notice concerning the other account was sent in September 2013. *Id*. Plaintiff states he does not recall receiving the validation notice from defendant. Docket No. 54-

---

[1] The parties reference three other accounts, UQTR, PDP2, and PQNX in their briefing. However, these accounts were the subject of a judgment in Hinds County Circuit Court and plaintiff does not raise any claims related to those debts. *See* Docket No. 25, at 1.

1, ¶ 7. The actual letter sent to Sayles is not in the record.[2] In February 2014, plaintiff ran his credit report and became aware of debts that were reported by defendant. That report showed the two debts at issue in this case. Docket No. 24-1, at 1. In response, on March 5, 2014, plaintiff faxed a letter to defendant stating that he was disputing the debts and requesting validation of the debt for all accounts.

On April 16, 2014, Sayles had not received a response and ran his credit report again; those accounts were still listed and it showed that defendant had most recently updated the information in April. Docket No. 24-2. Plaintiff alleges defendant's failure to mark the two non-adjudicated debts as disputed, even though it reported the debt to the credit bureaus in April 2014, is the basis for the claim in this suit. Specifically, plaintiff alleges defendants conduct violates 15 U.S.C. § 1692e(8). ARS argues that plaintiff failed to properly dispute the debt and request a validation within the statutory limits prescribed in 15 U.S.C. § 1692g and therefore defendant has not violated the Fair Debt Collections Practices Act. Sayles does not allege any actual damages and only requests statutory damages, which are capped at $1,000.00 and attorney's fees and costs.

The parties engaged in discovery and filed cross motions for summary judgment. Upon a status conference with the parties, the Court dismissed those motions without prejudice based on the parties' representation that there were no factual issues in this case and instead the claims rested on a purely legal issue. The Court directed the parties to submit simultaneous briefing on that legal issue: whether a violation of 15 U.S.C. § 1692e is contingent upon compliance with the validation and dispute requirements contained in 15 U.S.C. § 1692g.

---

[2] Defendant's employee attests it was sent and attaches an example of what the letter would have stated although it is not the exact letter sent to plaintiff. Docket No. 19-1, at 6. However, because plaintiff's claim does not relate to whether the validation notice was sent or its contents as governed by 15 U.S.C 1692g, the Court need not further inquire into this issue.

## II. Discussion

The parties do not disagree regarding the facts of this case. Instead, the dispute in this case turns on whether plaintiff has a proper claim under 15 U.S.C. § 1692e(8). Defendant contends that plaintiff must have disputed the debt within the 30 day timeframe set forth in 15 U.S.C. § 1692g to bring a claim under 15 U.S.C. § 1692e(8) and plaintiff contends that his claim is not reliant upon the procedures in § 1692g.

In July 2016, ARS filed a notice of supplemental authority based on the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016). Docket No. 69. Defendant contends that the Supreme Court's decision in that matter raises an issue of whether plaintiff has a concrete injury sufficient to confer standing. Plaintiff responded and argued that *Spokeo* does not affect plaintiff's standing. Docket No. 70. Because standing concerns this Court's subject matter jurisdiction, the Court will first resolve the issue of standing before turning to plaintiff's substantive claim.

### A. Standing

Federal courts have limited jurisdiction and a party must have an injury in fact to invoke the Court's jurisdiction. To demonstrate an injury, the plaintiff must suffer "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation and quotation marks omitted). Defendant argues that plaintiff has not alleged an adequate concrete injury and tries to analogize the facts in *Spokeo* to the present case. Plaintiff contends that he does have an adequate injury because Congress created a legal injury when it enacted the Fair Debt Collection Practices Act (FDCPA). Further, plaintiff argues that the Court's decision

in *Spokeo* did not alter the existing precedent regarding standing and his injury is both particularized and concrete as required by the Constitution.

The Court agrees. In *Spokeo*, the case was remanded because the Ninth Circuit failed to analyze concreteness separate from the particularized requirement. 136 S.Ct. at 1550. The lower court stopped its analysis upon finding that the plaintiff's injury was particularized, meaning it affected him in a personal and individual manner. *Id.* at 1548. Constitutional standing however requires particularization and concreteness. For an injury to be concrete, it must exist. *Id.* at 1549. The standing analysis was incomplete, and therefore the Court noted it had "no position as to whether the Ninth Circuit's ultimate conclusion—that Robins adequately alleged an injury in fact—was correct." *Id.*

An injury does not have to be tangible to be concrete. *Id.* "[T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact."[3] *Id.* The Court specified that the procedural violation must result in some harm. *Id.* at 1550. In the instant case, defendant likened the Court's example of an incorrect zip code without more to plaintiff's allegation that defendant improperly reported a disputed debt. Congress intended this provision of the FDCPA to address the dissemination of false information and abusive practices employed by debt collectors. Plaintiff's alleged injury is more than a bare procedural violation, it is the very type of injury Congress sought to eradicate and thus created a right of action to protect consumers.

Here, plaintiff's alleged injury is both particularized and concrete. Sayles alleges ARS failed to report that a debt was disputed when it reported information regarding the debts to a credit reporting agency. Plaintiff's injury is particularized because the alleged conduct--failing to

---

[3] In support of this premise, the Court cited to two cases involving a citizens' inability to obtain information that Congress had elected to make public as sufficient to constitute a concrete injury. *Spokeo Inc.*, 136 S.Ct at 1549-50.

report a debt was disputed--affected him in an individual way and was not a generalized grievance. Accordingly, the Court finds an injury exists that is both particularized and concrete..

The parties do not raise any argument regarding the traceability of the injury to defendant's conduct or redressability. The Court finds those elements are also met and plaintiff has standing to bring this suit.

### B. FDCPA Claim

Next, the Court turns to plaintiff's substantive claim under the FDCPA. Generally, 15 U.S.C. § 1692e states, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. The subsections of § 1692e offer a non-exhaustive list of specific conduct that constitutes a violation of the statute. *Id.* Specifically, plaintiff alleges defendant violated 15 U.S.C. § 1692e(8) which prohibits "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

Sayles contends that on March 5, 2014 he sent a letter stating that he disputed the debts and requested validation regarding his owed debts. ARS did not respond to this correspondence even though it received the letter. On April 16, 2014, plaintiff having received no response, ran his credit report and saw that defendant failed to report that the two accounts were disputed, despite having communicated with the credit bureau after plaintiff's March 2014 correspondence. ARS does not deny that it communicated with the credit bureaus after receiving plaintiff's letter. Sayles alleges defendant's failure to report the disputed accounts violates 15 U.S.C. § 1692e(8), which prohibits the failure to communicate that a debt is disputed.

Defendant's primary counterargument is that it did not violate §1692e(8) because the debt could not have been considered disputed since plaintiff failed to dispute the debt as outlined in 15 U.S.C. § 1692g(b). Under that section, if within 30 days of receiving the validation notice required by the statute, the consumer communicates it wishes to dispute the debt, the debt collector is required to "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment or name and address of the original creditor is mailed to the consumer by the debt collector."[4] *Id.*

Plaintiff's claim is very narrow; it does not raise any allegations that defendant violated 15 U.S.C. § 1692g concerning defendant's failure to respond to plaintiff with information verifying the debt or that defendant was somehow barred from continuing its debt collection activities. Plaintiff's claim is confined to defendant's failure to communicate to the credit agencies that the debt was disputed when it elected to report the information after receiving plaintiff's letter.

Plaintiff puts forth several cases where the opposite conclusion was reached. Sayles identifies *Brady v. Credit Recovery Co., Inc.*, as the seminal case supporting his position that the applicability of § 1692e(8) does not depend on disputing the debt within 30 days. 160 F.3d 64 (1st Cir. 1998). In *Brady,* as in the instant case, plaintiff raised a claim under 15 U.S.C. § 1692e(8) and defendant argued that the debt was not properly disputed because plaintiff disputed it via a phone call and not in writing. *Id.* at 66. Defendant argued that although § 1692e did not contain a writing requirement, the court should determine the definition of disputed debts in §

---

[4] Throughout defendant's briefing, ARS uses much ink arguing that plaintiff's March 2014 letter may have been drafted by a paralegal working for plaintiff's counsel although the letter was signed by plaintiff. Defendant makes no argument as to how that fact is material to the claim in this case and the Court finds regardless of who drafted and sent the letter, it was sent at the request of plaintiff either by him or someone acting on his behalf. Sayles communicated his dispute to ARS.

6

1692g and the writing requirement applies in § 1692e. *Id.* The court expressly rejected this argument noting that Congress's omission of a writing requirement was not accidental. Further, the court reasoned that § 1692e(8) did not affect debt collection practices as § 1692g does as further support that the omission of a writing requirement "makes logical sense." *Id.* at 67.

The court held that "§ 1692g(b) does not define 'disputed debt' for the entire FDCPA." *Id.* In addition, the court noted to carry over the writing and 30 day requirement from §1692g(b) to § 1692e(8) ignores the debt collector's obligation to not report false information, that it "knows or should know" regardless of the source; therefore using § 1692g's definition of disputed debt would "render the provision's 'knows or should know' language impermissibly superfluous."[5] *Id.*

Defendant attempts to distinguish *Brady* from the present case on the basis that the plaintiff in *Brady* disputed the claim within 30 days. Docket No. 67, at 10. Although it was the form of the dispute—verbal instead of written—that was the primary focus of the court's analysis, the court referenced the entire definition of disputed debt contained in § 1692g, including the 30-day timeframe, as inapplicable to § 1692e(8), not just the writing requirement. *Brady*, 160 F.3d at 67.

ARS also relies primarily on two district court cases which disagree with *Brady*. *See Morgovsky v. Credit Collection Serv.*, 1995 U.S. Dist. LEXIS 7055, *6 (N.D. Cal. May 16, 1995) (holding that the prohibition listed in 15 U.S.C § 1692e(8) attached "only when a debt is properly

---

[5] In addition to *Brady*, plaintiff cites to other cases that found a violation of § 1692e(8) outside of the 30 day period referenced in § 1692g. *See Palmer v. I.C. Sys.*, 2005 U.S. Dist. LEXIS 27946 (N.D. Cal. Nov. 8, 2005) (Debt collector sent a letter in April and November 2003 and plaintiff did not dispute the debt until June 2004, and the court found a FDCPA violation because the debt collector communicated with credit bureaus weekly and failed to mention plaintiff disputed the debt); *see also Irvine v. I.C. Sys.*, 2016 U.S. Dist. LEXIS 43743 (D. Colo. Mar. 31, 2016) (Debt was referred to collection in November 2011 and plaintiff disputed the debt in March 2014 and made a payment; the debt collector updated the balance with the credit bureaus, but failed to mention the dispute. The court concluded this failure violated § 1692e(8) and cited to *Llewellyn v. Allstate Home Loans Inc.*, 711 F.3d 1173 (10th Cir. 2013), in support of its conclusion).

'disputed' under 15 U.S.C. § 1692g")[6]; *see also Mellinger v. Midwestern Audit Serv.*, 2012 U.S. Dist. 15325, *14 (N.D. Ohio Dec. 18, 2015) (holding that plaintiff orally disputed the debt, but the failure to do so within 30 days permitted the defendant to presume the debt was valid).

A significant portion of defendant's brief and cited cases are devoted to cases with different claims. For instance, ARS cites to several cases where plaintiffs brought claims under 15 U.S.C. § 1692g. Docket No. 67, at 2-3. The letter Sayles sent to defendant on March 3, 2014 references the debtor's rights under 15 U.S.C. § 1692g; however, plaintiff does not raise any claims related to defendant's failure to cease debt collection activities or respond to the letter with the information provided. *See* Docket No. 10-2. Plaintiff's claims are limited to § 1692e(8).

ARS further asserts that because the debt was not disputed within the 30 day timeframe it was not a bona fide dispute and thus immaterial. In support of this position, defendant cites to several cases that require a claim under § 1692e to be based on a material misrepresentation. First, the Court looks at *Forgues v. Select Portfolio Servicing*, which defendant describes as "directly on point." 2015 U.S. Dist. LEXIS 164297 (Dec. 8, 2015); Docket No. 67, at 8. In *Forgues*, plaintiff raises a claim under § 1692e(8) and the court dismisses it in part because the dispute is meritless. 2015 U.S. Dist. LEXIS 164297, *10 n.37. In that case however, plaintiff attempted to rescind her mortgage pursuant to the Truth in Lending Act, but received no response to her correspondence from the banks. *Id.* at *2. Further, when a bank proceeded with a state court foreclosure action, the plaintiff was aware of the action (as evidenced by her participation in mediation) and did not file an answer; default judgment was entered. *Id.* at *3. Plaintiff however never objected or appealed the judgment and raised claims in federal court

---

[6] It is worth noting that the district court in *Brady* cited to *Morgovsky* in support of its conclusion, but the Circuit Court's holding expressly rejected the position that § 1692e(8) is bound in any way to § 1692g. *Morgovsky* was heard by the Ninth Circuit on appeal and that court did not comment on the lower court's holding regarding the connection between § 1692g and § 1692e, and instead affirmed the lower court's dismissal based on the statute of limitations. 1996 U.S. App. LEXIS 19946 (9th Cir. Aug. 5, 1996).

relying on her initial rescission notice and alleged claims under the FDCPA. *Id.* In concluding plaintiff's dispute was meritless, the court pointed to a Tenth Circuit case where the same result was reached; plaintiff raised a similar claim, but the debt collector had already investigated the claims concerning the disputed debt and found the debt was valid; thus her dispute was deemed meritless. *Id.* at 21 (citing to *Sartori v. Susan C. Little and Associates, P.A.*, 571 Fed. App'x 677, 682 (10th Cir. 2014))[7].

This issue has not yet been decided in this Circuit, and both parties cite to cases in support of their position, but this Court believes 15 U.S.C. § 1692e(8) was intended to protect consumers separate and apart from the requirements of 15 U.S.C. § 1692g. Unlike the cases defendant cites to in his briefing where courts concluded the dispute was immaterial or had been previously adjudicated and/or investigated, in this instance, defendant relied solely on the passage of more than 30 days to deem plaintiff's dispute invalid.

This Court is persuaded by the reasoning in *Brady* and finds plaintiff's dispute in his March 2014 letter sufficient to inform defendant that the debt was disputed. Sayles may have missed the window of opportunity to request validation and demand ARS cease debt collection activity, but plaintiff's claim does not arise under § 1692g; instead, plaintiff objects to defendant's failure to properly report the debt as disputed. Although defendant cites to *Morgovsky* and *Mellinger* to support its belief that the debt could not be disputed after the 30-day timeframe, the Court is swayed by the several cases indicating courts look at § 1692e claims separate from § 1692g.

---

[7] The Court is similarly unpersuaded by the other Circuit Court cases defendant references. In those cases, the courts considered the merits of plaintiff's claims and found it was not a material misrepresentation based on the surrounding facts, but the Court finds it difficult to conclude the same in the instant case where plaintiff raised a dispute regarding the debt that defendant does not allege was ever investigated or validated by a judgment. *See* Docket No. 67, at 8-9.

ARS did not had an affirmative duty to correct its previous reports to the credit bureau, but once it elected to communicate with the credit agencies in April 2014, *see* Docket No. 24-2, it had an obligation to also communicate that the debt was disputed. While defendant is correct that courts have widely concluded that a violation of § 1692e must be based on a material misrepresentation, the fact that a consumer has disputed a debt is always material. *See Llewellyn*, 711 F.3d. at 1189. Those who might obtain and review Plaintiff's credit report would not only know the existence of the debt, but that the debt is disputed. This may affect how the Plaintiff's potential application for a loan, housing, or employment is received. Sustaining ARS's refusal to communicate this information even though it had the information would give debt collectors a wide avenue to avoid the protections provided to consumers under the FDCPA. Therefore, the Court finds defendant failed to report the debts as disputed in its April 2014 communication with the credit bureaus regarding plaintiff's accounts.

### C. Conclusion

Accordingly, the Court finds defendant violated 15 U.S.C. § 1692e(8) and enters judgment in favor of the plaintiff. Statutory damages in the amount of $1,000 are awarded. Plaintiff shall submit his motion for attorney's fees and costs within 14 days of this Order, and a Final Judgment shall issue on this day.

**SO ORDERED**, this the 26th day of August, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE